CASE 63.—ACTION BY BOSTON & PARIS AGAINST JOHN
         SCHEAS IN WHICH OTHER MECHANIC LIEN
         CLAIMANTS INTERVENE FOR THE PURPOSE OF
         ENFORCING AND DETERMINING THE PRIORITY
         OF PLAINTIFFS MORTGAGE.—May 2.

## Scheas v. Boston & Paris

Appeal from Crittenden Circuit Court.

J. F. Gordon, Circuit Judge.

From the judgment Scheas appeals.    Reversed.

1.  Mortgages—Mechanics' Liens—Priority—Preliminary Notice—
    Ky. Stats., 1903, section 2463, gives a lien in favor of
    mechanics and materialmen superior to any incumbrance
    created after the beginning of the labor or furnishing of
    materials, provided that such lien shall not take precedence
    of a mortgage duly recorded, unless the person claiming the
    lien shall, before the recording of the mortgage, have filed
    in the clerk's office of the county where he shall have per-
    formed the labor or furnished materials a statement showing
    such fact.   Held that, where mechanic's lien claimants failed
    to file such preliminary statement before the record of certain
    mortgages on the property on which the liens were claimed,
    such liens were not entitled to priority over the mortgages,
    in the absence of proof that the mortgagee had actual notice
    of the performance of the labor or the furnishing of the
    materials.
2.  Same—Notice—Evidence—Mere proof that a mortgagee had
    knowledge that work was being performed on the mortgaged
    premises, and that materials were being furnished therefor,
    did not constitute actual notice of the existence of a
    mechanic's lien for such labor and materials.
3.  Same—Burden of Proof—Where, in an action to foreclose cer-
    tain mechanics' liens as against a mortgagee, the mechanic's
    lien claimants had not filed the preliminary statement required
    by Ky. Stats., 1903, section 2463, and the date of the record

of the mortgages was set out in the pleadings of the claimants, the burden was on them to show that the mortgagee had actual notice of the liens; he having established that his debt was just and unpaid.

W. J. DEBOE and R. L. MOORE, for appellant.

### CLASSIFICATION AND AUTHORITIES.

1. The court erred in adjudging that the material man's liens of appellees were superior and preference liens to that of the mortgages of the appellant; and the court further erred in holding that the burden of proof was on the appellant or that he did not furnish sufficient proof to show that he had not had actual notice of appellees' liens.

### AUTHORITIES CITED.

Montgomery v. Allen, 21 Ky. Law Rep., 1003-1006; Harris' Assignees v. Gardner, 24 Ky. Law Rep., 103-106; Foushee v. Robinson, et al., 12 Bush, 75; Kentucky Statutes, chapter 79, art. 1, sec. 2463.

A. C. MOORE for appellees.

### POINTS AND AUTHORITIES.

1. The burden of proof in this action under the pleadings was on the appellant, John Scheas, to prove his debt, and the validity of the notes allowed to him by the commissioner.

He, having failed to take any proof or introduce any evidence, his claim could not have been legally allowed, and especially it could not be a preference or superior claim over that held by the appellees. See: (Civil Code of Practice, secs. 525, 526 and 586; Royal Ins. Co. v. Schwing &c., 10 Ky. Law Rep., 380; The Fireman's Ins. Co. v. Schwing &c., 10 Ky. Law Rep., 883; Kentucky Wagon Mfg. Co. v. City of Louisville, 17 Ky. Law Rep., 366; Ky. Stats., 2463; 29 Ky. Law Rep., vol. 29—No. 15, pp. 1219-1221.)

2. The burden of proof in this action was on the appellant, John Scheas, to show that he had "no notice of appellees lien, and that there was never any notice given to him by appellees, or by any other person, of the lien held on said property by appellees."

See above authorities—also, amended answer of appellant, John Sheas, on pages 54 to 55, of the transcript.

Sée also, order controverting of record answer of J E. Chittenden and the appellant, John Scheas, page 56 of the transcript.

3. The appellant, John Scheas, was required to present his notes, with the evidence in their support, to the commissioner, before they could be legally allowed by said court or commissioner, and especially before they could become prior or preference claims or liens to that of appellees. (See order of reference to commissioner, on page 39 to 41 of the transcript; and section 2472, Kentucky Statutes.)

4. Appellees had and have prior and preference lien, which is valid and effectual against the appellant, John Scheas. (Ky. Statutes, sec. 2477, also secs 2468, 2469 and 2470.)

5. Was not the heating apparatus put in said building by John O'Donnell, a permanent fixture, and is it not part of the realty, and immovable as much so as the doors, windows, floors or ceiling? See: (2nd edition of the American & English Encyclopedia of Law, vol. 13, p. 596; Johnson v. Wiseman, 4 Metc., 321; 17 Ky. Law Rep., 1219; 13 Ky. Law Rep., 875; 78 Ky., 224; Southwestern Reporter, vol. 97—No. 2, p. 351; 29 Ky. Law Rep., 1254; Vol. 6, Lawson's Rights, Remedies and Practice, sec. 2890.)

OPINION OF THE COURT BY JUDGE BARKER—Reversing.

This action involves a question of priority between a mortgagee and certain materialmen who furnished building material used in the erection of the house by which the payment of the mortgage was secured. Chittenden and Whitehouse owned a lot in Marion, Crittenden county, Ky., upon which they erected a two-story dwelling house. In order to secure funds sufficient to erect the building, they borrowed from the appellant, John Scheas, $2,700, for which they executed their notes, the payment of which was secured by a mortgage on the building and lot, and which was recorded in the county clerk's office of Crittenden county on the 7th day of August 1905. Afterwards they borrowed from the appellant the

additional sum of $1,000, which they secured by a mortgage on the same house and lot. This mortgage was recorded in the proper office on the 29th day of December, 1905. Boston & Paris, lumbermen of Marion, Ky., under a contract which began on the 21st day of June, 1905, furnished the owners of the building from time to time lumber which went into their house, to the value of $831.85, upon which payments were made reducing the amount to $630.60. They filed in the office of the clerk of the Crittenden county court a notice that they claimed a materialmen's lien on the property in question on the 13th day of February, 1906. John O'Donnell, under a contract dated the 16th of September, 1905, furnished a complete heating system for the house, upon which there was a balance unpaid of $405. On the 2d day of March, 1906, he filed notice of his lien in the clerk's office. Cochran and Pickens furnished material to the extent of $85.38, and filed a notice of their lien on the 4th day of May, 1906. This action was instituted by Boston & Paris in the Crittenden circuit court to enforce their lien. They made all the other lien claimants hereinbefore mentioned parties defendant, who came in by appropriate pleading and set up their respective claims. After pleadings were brought to an issue, the case was referred to the commissioner for the purpose of taking proof and reporting on the claims and the question of priority of lien between the parties. So far as the existence of the debts were concerned, the commissioner properly established them as claimed by the parties. He then found that $69.20 of Boston & Paris' account, $12.50 due the Kentucky Fluor Spar Company, and $10.75 of the claim of Cochran and Pickens constituted a first lien upon the property; that John Scheas' mort-

gage for $2,700 constituted a second lien to the before-mentioned items; that the balance of the claims of Boston & Paris, Cochran and Pickens, the Kentucky Fluor Spar Company and John O'Donnel were all prior and preferred liens over the second mortgage of John Scheas. To this report of the commisisoner the materialmen filed exceptions. In the judgment on the final submission, the court established the commissioner's report, so far as the debts were concerned; but, on the question of priority, sustained them, using the following language: "But the court, being further advised, sets aside said report of said master commissioner, and refuses to confirm the same in so far as the matter of priority of liens is concerned, and finds that the defendant John Scheas did not make sufficient proof of the fact that he had no notice." From this judgment, John Scheas is here on appeal.

Section 2463, Ky. Stats., 1903, which gives a lien in favor of mechanics and materialmen, in so far as applicable to the subject in hand, is as follows: "* * * And said lien on the land or improvement shall be superior to any mortgage or incumbrance created subsequent to the beginning of the labor or the furnishing of the materials; and said lien, if asserted as hereinafter provided, shall relate back and take effect from the time of the commencement of the labor or the furnishing of the materials: Provided, that such lien shall not take precedence of a mortgage or other contract lien or bona fide conveyance for value without notice, duly recorded or lodged for record according to law, unless the person claiming such prior lien shall before the recording of such mortgage or other contract lien or conveyance, have filed in the clerk's office of the county court

of the county wherein he shall have performed labor or furnished material, or shall expect to perform labor or furnish materials, as aforesaid, a statement showing that he has performed or furnished, or that he expects to perform or furnish, such labor or materials, and the amount in full thereof, and his lien shall not, as against the holder of said mortgage or other contract lien or conveyance, exceed the amount of the lien claimed, or expected to be claimed as set forth in such statement.'' Section 2468 provides: ''The liens mentioned in the preceding section shall be dissolved unless the claimant, within six months after he ceases to labor or furnish materials as aforesaid, files in the office of the clerk of the county court of the county in which such building or improvement is situated, a statement of the amount due him; with all just credits and set-offs known to him, together with a description of the property intended to be covered by the lien, sufficiently accurate to identify it, and the name of the owner, if known, and whether the materials were furnished, or the labor performed, by contract with the owner, or with a contractor or subcontractor, which shall be subscribed and sworn to by the person claiming the lien, or by some one in his behalf.''

It will be observed that the foregoing excerpts from the mechanic and materialmen's statute contemplates the filing of two different and distinct notices—one is a preliminary notice, which provides for a priority of lien in favor of the mechanic or materialman, and the other is the final notice which preserves this lien for a given time. All of the materialmen involved in this action gave the final notice provided for by section 2468, but none gave the preliminary notice required by section 2463. So far as this case is con-

cerned, we are interested only in the preliminary notice, and therefore dismiss from further contemplation section 2468, which we have quoted merely to distinguish more completely the two notices. Section 2463 requires the mechanic or materialman, in order that his lien shall be prior to that of a mortgage or other contract lien or bona fide conveyance for value without notice which has been duly recorded or lodged for record according to law, to file a statement in the clerk's office of the county court showing that he has performed labor or furnished material, or expects to perform labor or furnish material, and the amount in full thereof. Clearly, the mechanic and materialman's lien does not take precedence over any bona fide mortgage without notice which is recorded in advance of the filing by the claimant—a notice of his lien, and it is immaterial whether the material or labor be furnished before or after the recording of the mortgage. It is notice on the part of the mortgagee, either constructive or actual, of the materialman's lien that gives the latter precedence over the mortgagee.

In the case of Harris' Assignee v. Gardiner, etc., 68 S. W. 8, 24 Ky. Law Rep. 103, in contrasting the difference between the materialman's lien of 1893 and that of 1896 (the present statute), it was said: ''The difference between the law in force in 1895 and the law after the amendment in 1896, so far as it affects the question here, it that under the law of 1893 the lien of the mechanic, when properly asserted, related back to the time when the first work was done or material furnished, and subsequent purchasers and mortgagees were, by law, required to take notice of the mechanic's rights (Ky. Stats., [Ed. 1894] section 2463), but, as amended in 1896, the mechanic must

furnish the notice to the subsequent purchaser or mortgagee by filing in the clerk's office a statement showing that he will claim a lien. If this statement is not filed, the mortgage has priority, unless the mortgagee had actual notice of the mechanic's rights. Ky. Stats., (Ed. 1899) section 2463.'' It is therefore clear that, unless the mortgagee, Scheas, had actual notice of the materialmen's lien, his mortgage must take priority over their claims. The only evidence of actual knowledge on the part of the mortgagee is that he was seen at or near the premises where the house was being erected and saw the material being delivered, and the witness who details this expresses the opinion that, therefore, he must have known of the liens; but it is admitted that none of the material-men gave him any other actual notice of their claims. It remains to be seen, then, whether or not, as a matter of law, the circumstances above detailed were sufficient to put Scheas upon notice of the material-men's liens. In the case of Foushee, etc., v. Grigsby & Robinson, etc., 12 Bush 75, there was involved the question we have here, and under a mechanic and materialman's statute, which, so far as the present issue is concerned, was not dissimilar to the present statute. The mortgagees, who claimed priority, lived in the same city, Lexington, where the improvements were located, and one of them was related to one of the employers, and both knew that the improvements were being made, and it was urgently pressed upon the court there that this fact was sufficient to put the mortgagees upon notice of the materialman's lien, and constituted the actual notice required by the statute in order to defeat the mortgage in favor of the materialman's lien. In respose to this argument the court said: ''The fact that some of the appellants

were at work on the property, the material being furnished by others, at the time the mortgage was executed was not an actual notice of the existence of the lien. It was notice that the property was being repaired, but gave no evidence to the purchaser of the nature of the contract between the employer and the employes, or that the money for the labor and materials furnished was unpaid. It is the lien that the purchaser must have notice of, and not the fact that the property is being improved. If the fact that work was being performed on the building was sufficient to put the purchaser on inquiry, it could only be deemed constructive notice, and would not affect the rights of the purchaser. The statute creating the lien in favor of the mechanic has defined the character of constructive notice necessary to defeat the claim of the purchaser and give to the mechanic a prior lien—'The lien shall not be effectual or valid against a bona fide purchaser for a valuable consideration without notice, actual or constructive. The pendency of a suit to enforce the lien, or the filing of the account or statement in the clerk's office of the county court, as required by the 6th section of this chapter, shall be deemed constructive notice'—showing clearly that the legislature never contemplated that the purchaser should make inquiry of the laborer on the building to know whether he was paid by the day, or by the contractor or the employer, or whether he was himself the contractor, and the employer was in arrears to him. Constructive notice, as fixed by the statute, consists in filing the claim in the county clerk's office or in bringing the action to enforce the lien; and, as neither mode can be adopted until the work is completed, the purchaser must have actual notice of the lien so as to

affect his rights. If the law is defective, the legislature alone has the power to amend it, and to charge the purchaser by reason of a constructive notice other than that designated by the act creating the lien would be in disregard of the plain letter of the statute'' So here. The law prescribes how the mechanic or materialman may give constructive notice of his lien which will defeat a subsequent mortgage or conveyance, and, in addition, provides that, if he have actual knowledge of the lien, his mortgage will be postponed to it. Actual notice must be something different from mere knowledge that the work is being done and material furnished. These facts do not suggest the existence of a lien. The payment may be cash, and no lien will therefore exist. The law gives the mechanic and materialman an ample remedy by which to secure priority for their labor or material. They have only to exercise the same diligence which is required of the holders of mortgages or deeds in order to obtain priority and consequent security for their debts or property rights. They can file the preliminary notice in the county clerk's office, and thus secure the benefit of the statutory lien which will take priority of any subsequent mortgage lien or conveyance. If they fail to do this, they have no lien as against a bona fide mortgagee without notice, either for material furnished before or after the recording of the mortgage.

But it is said, and the trial court so concluded, that the mortgagee did not furnish proof that he did not have actual notice of the existence of the materialmen's liens. This he was not required to furnish. His mortgage was set up, and the date of its being recorded was set out in every pleading filed by the materialmen. He proved by the affidavit of the mort-

gagor that his debt was just and unpaid, and, this being true, it devolved upon the materialmen to prove the affirmative of the proposition that he had actual notice of their liens, if they desired to defeat his priority. In other words, the burden of proof was upon the materialmen, and not upon the mortgagee.

It therefore follows that the court erred in postponing the lien of the appellant to that of any of the materialmen. He was entitled to priority over them, and it should have been awarded. For this reason, the judgment is reversed for proceedings consistent with this opinion.

JUDGE NUNN not sitting.