## Voss v. Home Loan & Building Association.

(Decided December 9, 1915.)

### Appeal from Campbell Circuit Court.

1. Mechanics' Liens—Proceedings to Perfect—Notice.—To give a preferred lien to a materialman or mechanic over a mortgagee or purchaser without notice, the requirements of section 2463, as to the filing of notices with the county court clerk, must be complied with, otherwise, the rights of the subsequent mortgagee, or purchaser, will not be affected by the supposed lien.
2. Mechanics' Liens—Notice.—Evidence examined and held in this case that the mortgagee and purchaser did not have actual notice of the furnishing of the material.

BAILEY & VEITH for appellant.

H. GUNKEL, JR., for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

John Engel and Violet Engel, his wife, were the joint owners of a lot in the city of Newport, Kentucky, upon which was located the house in which they resided. Previous to the 27th day of September, 1913, they concluded to improve the residence, and entered into a contract with the appellant, Frank Voss, who was a dealer in building material, to furnish them certain needed articles in making the improvements, and he, in obedience to the contract, began the furnishing of the material to the owners on the 27th day of September, 1913, and continued to do so until the 19th day of December, 1913, when he furnished the last article.

Prior to this time, and on the 19th day of September, 1911, Engel and his wife borrowed from the appellee, Home Loan & Building Association, the sum of $750.00, for which they executed their joint note, and simultaneously, signed and executed a mortgage upon the lot to secure same; and on the 6th day of May, 1912, they borrowed from the appellee $250.00, for which they executed their note and secured same by another mortgage simultaneously executed on the same property, and on the 8th day of November, 1913, they borrowed from the appellee an additional $750.00, evidenced by their promisory note and secured by a similar mortgage. Upon being given, these mortgages were all immediately filed and recorded in the county clerk's office. The deed by

which the Engels held title to the lot was so executed that, in case of the death of either, the survivor should become the sole owner of the property.

On February 15th, 1914, the husband, John Engel, died, and in accordance with the terms of the deed, his wife became the owner of the fee in the entire property. On the 28th day of April, 1914, the appellee purchased the property from the widow in consideration of the payment to her of $100.00 cash, and the payment by it of past due taxes on the property, and the cancellation by it of each and all of its debts against it.

At the time the appellee purchased the property there was due to it upon the debts which it held, the sum of $1,468.00 with interest from February 12, 1914. The appellant made no effort to perfect the lien given to him, under section 2463 of the Kentucky Statutes, until the 18th day of May, 1914, when, for the first time, he attempted to file and have recorded with the county court clerk the notice, as is required by the section of the statute, *supra*. On that day he did file such notice, and on the 20th day of May, 1914, two days thereafter, he brought this suit against the appellee (it having become the owner of the property as stated), by which he attempts to assert and enforce a lien against the property to the extent of his debt. The answer, in addition to denying want of knowledge or information sufficient to form a belief as to the debt of the appellant, set up the execution of the notes and mortgages and the purchase of the lot as herein stated, and denied the right of the appellant to a lien upon the property as against it. It should be stated here that there is a claim that the appellee had actual notice of the furnishing of the material before it made the third loan, above mentioned, and before the purchase of the property. This was denied, and upon the issues made, proof was taken, and, upon submission, the court dismissed the petition, from which judgment this appeal is prosecuted.

It has often been decided by this court that inasmuch as the character of lien here involved is a statutory one, the terms of the statute must be at least substantially complied with. The section of the statute, *supra,* creating the lien after specifying the persons who may be entitled thereto, and the purpose for which the lien is given, has in it this language: .

"Provided, That such lien shall not take precedence of a mortgage or other contract, lien or bona fide conveyance for value without notice, duly recorded or lodged for record according to law, unless the person claiming such prior lien shall, before the recording of the mortgage or other contract lien or conveyance, have filed in the clerk's office of the county court wherein he shall have performed labor or furnished material, or shall expect to perform labor or furnish materials, as aforesaid, a statement showing that he has performed or furnished, or that he expects to perform or furnish, such labor or material, and the amount in full thereof, and his lien shall not, as against the holder of said mortgage or other contract lien or conveyance, exceed the amount of the lien claimed, or expected to be claimed, as set forth in such statement."

There is no pretence that this provision of the statute was in any manner complied with, or attempted to be complied with.

Substantially, the same facts were before this court in the case of Trust Company of America v. Young, etc., 131 Ky., 771, in which the right to a superior lien in favor of the materialman was denied, and in doing so, this court said:

"Appellee furnished the materials and erected a building for the electric light company, and filed its claim in the county clerk's office as required by section 2468 of the Kentucky Statutes of 1909, after appellant's mortgage was recorded, but did not file in such office a statement showing that he had or intended to furnish materials and erect a building on the lot of the electric light company, as required by section 2463, above referred to, before the mortgage of appellant was duly recorded. Therefore, under that section, the lien of appellant is superior to that of appellee."

The same rule is announced in the case of Scheas v. Boston & Paris, 125 Ky., 535, in which the court upon this subject says:

"Clearly, the mechanic and materialman's lien does not take precedence over any bona fide mortgage without notice which is recorded in advance of the filing by the claimant a notice of his lien, and it is immaterial whether the material or labor be furnished before or after the recording of the mortgage. It is notice on the part of the mortgagee, either constructive or actual, of

the materialman's lien that gives the latter precedence over the mortgagee."

And a still later case is that of First National Bank of Louisville v. Chowning Electric Company, 142 Ky., 624. We deem it unnecessary to discuss this question any further, for without the precedents, *supra,* from this court, the statute itself is plain and susceptible of no difficulty in ascertaining its meaning.

As appellant failed to file the required notice by which his lien could become perfected and preferred as against mortgagees and purchasers, he can not succeed unless he can show that the appellee had actual notice of his claim before the creation of its last debt, or the purchase of the property. In our opinion the evidence fails to show any such actual notice. The only testimony upon which actual notice is attempted to be fastened upon the appellee is that before advancing all of the money due upon the last mortgage, dated November 8, 1913, the president of appellee was shown a receipt which had been executed by appellant to the Engels, the original of which is not filed with this transcript, but it is copied therein so as to read as follows:

"Received from Mr. John Engel, December 8, 1913. Twenty-five and 05/100_____dollars.
for on account
$25.05/xx                                       Frank Voss.

---

November 22, 1913.
Bought of J. Palmer:

| | |
|---|---|
| 6 Winda caps | $11.00 |
| J. Palmer | 3.50 |
| | $14.50 |

"Paid Jas. Palmer."

---

It is claimed by appellant that the phrase therein used, "for on account," was sufficient to give notice to the appellee that there was yet a portion of the account unpaid. However, the president of appellee, who was the only person connected with it who saw this receipt, testifies that the letter "o" in the word "on," as used in the above-quoted phrase, was more like an "a" than an "o," and that he read it "for an account," and this was the only information he had of any material having ever been furnished by appellant. There is testimony in

the record that the appellant knew of the borrowing of this money, and that the improvement was being paid with the proceeds of the last note, above mentioned, and that he gave no notice, oral or otherwise, that he either had or expected to furnish material, or that the Engels owed him any sum whatever; and the only evidence of any supposed actual notice of any indebtedness of appellant, or of the furnishing of any material by him, was the receipt above mentioned. We do not think this sufficient to fasten actual notice upon appellee.

In the case of First National Bank of Louisville v. Chowning Electric Company, *supra*, the mortgagee "had knowledge that material had been furnished and knew the amounts due materialmen, that they would assert the lien to secure the claim," which, of course, made the lien given by the statute superior to his mortgage lien.

In the case of Sheas v. Boston & Paris, *supra*, this same claim of actual notice of the furnishing of the material to the mortgagee was urged, but denied by this court, although "the mortgagee was seen at or near the premises where the house was being erected and saw the material being delivered."

In the case of Foushee, etc. v. Grigsby & Robinson, etc., 12 Bush., 75, was a proceeding to enforce a lien under the statute, which, so far as the question involved, was very similar to the present statute. The mortgagees were charged with actual notice of the furnishing of the material, and the proof showed that they lived in the same city where the improvements were being made, and one of them was related to one of the parties claiming the lien, and each of them knew that the improvements were being made, but the court, in its opinion, adjudged that these facts did not constitute actual notice, and in doing so, said:

"The fact that some of the appellants were at work on the property, the material being furnished by others, at the time the mortgage was executed was not an actual notice of the existence of the lien. It was notice that the property was being repaired, but gave no evidence to the purchaser of the nature of the contract between the employer and the employes; or that the money for the labor and materials furnished was unpaid. It is the lien that the purchaser must have notice of, and not the fact that the property is being improved." . . .

Manifestly, in the light of these authorities, the mere fact of having seen the receipt hereinbefore mentioned, even if it had been plainly and distinctly written so as to read "for on account," is not sufficient to give actual notice to the mortgagee, that the attempted lien-holder had furnished material which went into the improved premises, much less would it be evidence that there was still a balance for material so furnished and yet unpaid, and for which a lien would be attempted to be asserted.

As the judgment appealed from accords with the views herein expressed, it is affirmed.