## Coral Ridge Clay Products Company, et al. v. Louisville Trust Company.

(Decided March 23, 1928.)

### Appeal from Jefferson Circuit Court (Chancery Branch, Second Division).

1. Mortgages.—Where mortgage is recorded before preliminary notice of mechanic's or materialmen's lien provided for by Ky. Stats., sec. 2463, is filed in clerk's office, but mortgagee has acutal notice of mechanic's or materialmen's lien, mortgage will not take priority over mechanic's lien claims.

2. Mortages.—Where mortgage is recorded before filing of preliminary notice of mechanic's or materialmen's lien provided for by Ky. Stats., sec. 2463, mechanic's lien claimants must establish that mortgagee had actual notice of their lien in order to defeat priority of mortgage.

3. Mortgages.—Where mortgage was recorded before filing of preliminary notice of mechanic's lien under Ky. Stats., sec. 2463, evidence that mortgagee when loaning money to owner of property knew building was in course of construction held insufficient to defeat priority of mortgage lien, in absence of showing that mortgagee knew who materialmen were, amount of material furnished, or whether they expected to assert liens.

ROBT. F. VAUGHAN for appellants.

HENRY G. BEDINGER for appellee.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE—
Affirming.

One H. G. Droppelman borrowed $6,250 from appellee, Louisville Trust Company, to secure which he executed and delivered to it a mortgage on two certain lots of real estate in the city of Louisville. This action was instituted by appellee to collect the amount due on the note by enforcing the mortgage lien. Appellants, Coral Ridge Clay Products Co., and others, were made parties defendant or intervened in the action; and all of them sought to enforce mechanic's or materialmen's liens against the two lots of real estate by virtue of section 2463, Kentucky Statutes. When sold the property in lien did not bring enough to satisfy all of the lien debts, and the appeal presents the question of priority between the mortgage lien and the materialmen's liens. The chancellor adjudged priority to the mortgage lien, and the holders of materialmen's liens have appealed.

The case on its facts is not to be distinguished from that of Ideal Supplies Co. v. Underhill, 213 Ky. 741, 281 S. W. 988, where it was held that the holder of the mortgage lien was entitled to priority. It is to be observed that section 2463, Kentucky Statutes, under which the materialmen claim their liens and seek to establish their right to priority, provides expressly that such liens "shall not take precedence of a mortgage . . . duly recorded . . . unless person claiming such prior lien shall before the recording of such mortgage . . . have filed in the clerk's office of the county court of the county wherein he shall have performed labor or furnished materials, or shall expect to perform labor or furnish materials, . . . a statement showing that he has performed or furnished, or . . . expects to furnish such labor or materials, and the amount in full thereof." The means of perfect protection is thus afforded to those who furnish or perform and those who expect to furnish or perform materials or labor which go into the construction or repair of improvements upon real estate. It now being possible under the statute, as soon as a contract is made to furnish materials or perform labor, to give constructive notice that a lien will be asserted against the real estate to be improved so as to give it precedence over a deed or mortgage thereafter executed, there is much room for the argument that the Legislature thereby intended that, as between mortgages and conveyances

and liens of this character, that one would be regarded as superior which first was placed upon record. Doubtless much of the difficulty that has entered into the consideration of cases presenting the questions of priority between conveyances and these statutory liens would have been avoided by so holding.

This court, however, since the enactment of the present statute in 1896, has consistently held to the view that though the mortgage or deed be recorded before the preliminary notice provided for by the section, supra, of our Statutes be filed in the clerk's office, yet if the mortgagee or grantee was possessed of actual notice of the mechanic's or materialmen's lien, his mortgage will not take priority over their claims. In Harris' Assignee v. Gardiner, etc., 68 S. W. 8, 24 Ky. Law Rep. 103, it was said:

"If this statement is not filed the mortgage has priority, unless the mortgagee had actual notice of the mechanic's rights. Kentucky Statutes, Edition 1899, sec. 2463."

In Scheas v. Boston & Paris, 125 Ky. 535, 101 S. W. 942, 31 Ky. Law Rep. 157, it was written:

"It is therefore clear that, unless the mortgagee, Scheas, had actual notice of the materialmen's lien, his mortgage must take priority over their claims."

In that case the mortgagee was shown to have been at or near the premises where the house was being erected, and to have seen the material being delivered and the mechanics at work. That was held not to be sufficient notice.

In First National Bank v. Chowning Electric Co., 142 Ky. 624, 134 S. W. 1156, it was said:

"We think, upon the whole case, it was perfectly plain that McClarty, Bickel, and Doherty had knowledge of the amounts that were due appellees and the fact that appellees would claim a lien, and that this knowledge was imparted to them prior to July 24th."

The date mentioned was the date upon which appellees acquired the mortgage lien. Notice or knowledge of the facts above was held to be sufficient to give the me-

chanic's and meterialmen's liens precedence over the mortgage lien.

In Voss v. Home Loan & Building Ass'n, 167 Ky. 231, 180 S. W. 368, it was said:

> "As appellant failed to file the required notice by which his lien could become perfected and preferred as against mortgagees and purchasers, he cannot succeed unless he can show that the appellee had actual notice of his claim before the creation of its last debt, or the purchase of the property."

In that case the notice or actual knowledge was not sufficient and the mortgage lien was held to be superior. The concluding portion of that opinion indicated the extent of actual notice required. It was said of the fact shown that it "is not sufficient to give actual notice to the mortgagee that the attempted lienholder had furnished material which went into the improved premises, much less would it be evidence that there was still a balance for material so furnished and yet unpaid and for which a lien would be attempted to be asserted."

In Ideal Supplies Co. v. Underhill, supra, it was shown that the mortgagee "knew that the building was under construction; that some persons were furnishing material and others were performing labor, and that Underhill was procuring money from it with which to pay them." That opinion adopted the definition of actual notice written originally in Foushee, etc. v. Grigsby & Robinson, etc., 12 Bush, 75. Though the latter opinion was written under a statute differing materially from that now in force, the question of actual notice was involved under that statute just as it is now involved under the interpretation given to the statute now in force, and the court there said:

> "The fact that some of the appellants were at work on the property, and material being furnished by others, at the time the mortgage was executed was not an actual notice of the existence of the lien. It was notice that the property was being repaired, but gave no evidence to the purchaser of the nature of the contract between the employer and the employees, or that the money for the labor and materials furnished was unpaid. It is the lien that the purchaser must have notice of, and not the fact that the property is being improved."

In view of the fact that the statute now provides a method by which a laborer or materialman may in advance of performing the labor or furnishing the material protect himself fully against mortgage liens or conveyances that may be created or entered into after he engages to do the labor or furnish the materials, it seems to this court that where they have failed to so protect themselves and depend upon the actual notice of their liens that may be brought home to the mortgagee or purchaser to establish their right to priority, they should at least be required to establish that actual notice of the facts that the statute requires by way of constructive notice had been brought home to the mortgagee or vendee. The opinions, supra, appear to so hold, because under them the mortgagee or vendee must have actual notice or knowledge that the mechanic or materialman has labored or intends to labor, or has furnished or intends to furnish materials to a certain amount and intends to assert a lien upon the real estate improved thereby.

The record here establishes at most that when the trust company lent the money to the owner of the property there was a building in course of construction on each piece of real estate and the materials and labor incident to their construction were being furnished. It is not shown that it knew or had information who the materialmen were or the amount of material they had furnished or whether they expected to assert liens against the property or were looking solely to the one with whom they had contracted for the value thereof. The case on its facts is not to be distinguished from those herein reviewed, and as the judgment of the chancellor is in accord with the principles there announced and with the conclusions we have here reached, the judgment will be affirmed.

Judgment affirmed.