**CARDINAL KITCHENS, INC., Appellant,**

**v.**

**HOME SUPPLY COMPANY, Inc., Appellee.**

**HOME SUPPLY COMPANY, Inc., Cross-Appellant,**

**v.**

**CARDINAL KITCHENS, INC., Cross-Appellee.**

Court of Appeals of Kentucky.

June 4, 1971.

Fred M. Goldberg, Louisville, for appellant and cross-appellee.

George B. Ryan, Robert L. Durning, Jr., Louisville, for appellee and cross-appellant.

ROBERT O. LUKOWSKY, Special Commissioner.

This appeal and cross-appeal arise out of matters ancillary to the foreclosure of a mortgage on Lot No. 1 of Oak Lawn Estates in Jefferson County. The precise problem presented is the relative priority of the second mortgage of the appellant and the materialman's lien of the appellee.

The chronology of events which gave rise to this problem is as follows:

October 3, 1964—appellee began to furnish materials.

December 30, 1964—appellant furnished materials.

January 27, 1965—appellant obtained second mortgage.

January 28, 1965—appellant recorded second mortgage.

February 5, 1965—appellee furnished last materials.

July 21, 1965—appellee recorded materialman's lien.

September 3, 1965—this action was commenced.

The mortgage obtained by the appellant covered both Lot No. 1 and Lot No. 58 of Oak Lawn Estates and secured a note in the face amount of $7,502.53. The consideration for the note and mortgage was material furnished by the appellant to the owner-builder of fifteen separate construction projects between June 30, 1964, and January 21, 1965, including this project. The value of the material furnished on this project was $732.46. Appellant did not file a materialman's lien.

The appellee did not file with the county clerk a statement of claim or expectation of claim as permitted by KRS 376.010(2) prior to the recording of appellant's mortgage.

KRS 376.010(2) provides that a materialman's lien shall not take precedence over a mortgage, for value, without notice, duly recorded or lodged for record according to law, unless the person claiming the prior lien shall, before the recording of the mortgage, file in the office of the county clerk a statement showing that he has furnished or expects to furnish materials and the amount in full thereof. Kentucky Lumber & Mill Work Co. v. Kentucky Title Savings Bank & Trust Co., 184 Ky. 244, 211 S.W. 765; In Re Graves' Estate, D.C., 27 F.Supp. 717; Egyptian Supply Co. v. Boyd, 6 Cir., 117 F.2d 608; Hodges v. Quire, 295 Ky. 78, 174 S.W.2d 9; Foushee v. Grigsby, 75 Ky. (12 Bush) 75; Ideal Supplies Co. v. Underhill, 213 Ky. 741, 281 S.W. 988; Coral Ridge Clay Products Co. v. Louisville Trust Co., 223 Ky. 694, 4 S.W.2d 737; Weil v. B. E. Buffaloe & Co., 251 Ky. 673, 65 S.W.2d 704; Collier v. Dillon, 313 Ky. 244, 230 S.W.2d 617; Johnson Lumber Co. v. Stovall, Ky., 394 S.W.2d 930.

The trial judge refused to find as a fact that the appellant had actual notice of the appellee's lien from the circumstance that the appellant knew that others had supplied materials for this project and that the owner-builder had not paid appellant's claims as they became due, and from this the appellee cross-appeals. The trial judge concluded as a matter of law that in order for a mortgage to be "for value," as the term is used in this statute, it must be supported by a current moving consideration and not by a preexisting debt, and from this the appellant appeals. The trial judge also concluded as a matter of law that the appellant's mortgage was superior to the materialman's lien of the appellee to the extent of the materials furnished by appellant for this project; and from this the appellant appeals and the appellee cross-appeals, the appellant taking the position that its mortgage was superior to the extent of its face value and the appellee taking the position that the mortgage was not superior to any extent.

CR 52.01 enjoins us not to disturb the findings of fact of a trial judge unless

they are clearly erroneous. Failure to make a debatable inference from known facts does not constitute clear error. Bostian v. Levich, 8 Cir., 134 F.2d 284.

The conclusion of the trial judge that a mortgage, to be entitled to priority over a materialman's lien pursuant to KRS 376.-010(2), must be supported by a present consideration rather than a preexisting obligation is amply supported by the decisions in Kentucky Lumber & Mill Work; In Re Graves' Estate; Egyptian Supply Co. and Hodges, supra.

We having determined that a preexisting obligation does not meet the "for value" requirement of KRS 376.-010(2), the last assignment of error becomes a crucial point worthy of more than cursory analysis. On the dates appellant's mortgages were obtained and recorded the value of the materials furnished for the Lot No. 1 project was as much a preexisting debt as were any of the other obligations owed for the other fourteen projects. If any of these transactions were preexisting debts, all were preexisting debts. It follows, therefore, that the entire mortgage was not "for value" and that it may not be a basis for priority over appellee's materialman's lien.

As has been previously mentioned, appellant did not see fit to record a materialman's lien on the Lot No. 1 project. Rather, it sought security for all of its claims in a note and multi-lot mortgage. In all candor, it bases its claim to priority exclusively on this mortgage and not upon an untenable argument that the mortgage constitutes constructive compliance with the materialman's lien statute entitling it to share in the proceeds of sale on an equal priority with the appellee. Indiana Quarries Co. v. Simms, 158 Ky. 415, 165 S.W. 422; Fugate v. Taulbee Lumber & Coal Co., 294 Ky. 422, 172 S.W.2d 61.

We are constrained to decide that the learned trial judge erred when he did not adjudge that the materialman's lien of the appellee was prior to the entire claim of the appellant.

The judgment herein is affirmed on the appeal and affirmed in part and reversed in part on the cross-appeal with directions to enter a new judgment in conformity with this opinion.

All concur.