METAL SALES MANUFACTURING CORPORATION, Appellant,

v.

Shelli NEWTON and Rodney Newton d/b/a S & R Poultry Construction, an Arkansas Partnership; Robert J. Boone, Sr. and Ruth Boone; Robert J. Boone, Jr. and Molly A. Boone; and Farmers' Bank & Trust Company, Appellees.

Rogers Manufacturing Corporation, Appellant,

v.

Robert J. Boone, Sr. and Ruth Boone; Robert J. Boone, Jr. and Molly A. Boone; and Farmers' Bank & Trust Company, Appellees.

Nos. 1998–CA–000204–MR, 1998–CA–000262–MR.

Court of Appeals of Kentucky.

April 23, 1999.

Rehearing Denied Sept. 10, 1999.

Discretionary Review Denied by Supreme Court March 15, 2000.

R. Michael Sullivan, Owensboro, KY, for Appellant Metal Manufacturing Corporation.

Edwin A. Jones, Elizabeth F. Bird, Henderson, KY, for Appellant Rogers Manufacturing Corporation.

William G. Craig, Jr., Owensboro, for Appellee Robert J. Boone, Sr., Ruth Boone, Robert J. Boone, Jr. and Molly A. Boone.

J. Christopher Hopgood, Henderson, for Appellee Farmers' Bank & Trust Company.

No brief filed for Appellees Shelli Newton and Rodney Newton d/b/a S & R Poultry.

Before: HUDDLESTON, McANULTY and SCHRODER, Judges.

## OPINION

McANULTY, Judge:

This is a consolidated appeal in which we must decide whether the trial court correctly determined that a mortgage had priority over two materialman's liens. Because we find that a part of the mortgage was not for value and that a materialman's lien is created when labor is performed or materials are furnished pursuant to contract, we reverse the decision of the trial court.

An extensive review of the facts and chronological events is necessary. In 1996, Appellees Robert Boone Sr., Ruth Boone, Robert Boone, Jr. and Molly Boone (the Boones) contracted with Shelly Newton and Rodney Newton, d/b/a S & R Poultry Construction (S & R) to build chicken houses on their farm in McLean County. Appellants Metal Sales Manufacturing Corporation (Metal Sales) and Rogers Manufacturing Corporation (Rogers) supplied materials for the project, pursuant to contracts with S & R. Rogers supplied trusses, with its last delivery occurring on July 22, 1996. Metal Sales furnished rolled form metal from June 25, 1996 to July 30, 1996.

The Boones obtained financing for their project from Appellee Farmers' Bank & Trust Company (Farmers' Bank). On July 25, 1996, the Boones and Farmers' Bank entered into an agreement in which the bank committed to loan the Boones $1,400,000.00 for the project and a note and mortgage were executed. The mortgage was recorded in the county clerk's office on July 29, 1996.

At some point the Boones became dissatisfied with S & R and terminated the contract between them. The Boones then arranged for another contractor to complete the job. Appellants Metal Sales and Rogers never received payment for the materials they provided. Metal Sales and Rogers filed lien statements which were recorded in the McLean County Clerk's office on September 10 and September 11, 1996, respectively.

On October 16, 1996, Metal Sales filed an action to enforce its materialman's lien pursuant to KRS 376.010 and joined the other lienholders as parties. The trial court referred the matter to the Master Commissioner. After a hearing and briefs submitted by the parties, the Commissioner issued her report, finding that prior to the execution of the $1,400,000.00 note Farmers' Bank made three "bridge" loans which were "rolled over" and repaid to the

bank when the note and mortgage were executed on July 25, 1996. The Commissioner further found that this amount of the mortgage, a sum of $186,000, was not "for value" according to KRS 376.010 and could not have priority over the materialman's liens.

The parties filed exceptions to the Report of the Master Commissioner and the trial court held a hearing. The trial court entered an order denying all exceptions, save that of Farmers' Bank regarding the issue of the bridge loans and whether that amount was "for value". The trial court held that the entire mortgage was in fact "for value", therefore Farmers Bank had priority. In so concluding, the trial court distinguished *Cardinal Kitchens, Inc. v. Home Supply Co.*, Ky., 467 S.W.2d 775 (1971) from the case *sub judice*. The trial court further concluded that KRS 382.520 applied to give the mortgage priority because materialman's liens are deemed "created" when they are filed. This appeal followed.

Appellants assert that the trial court erred in determining that their materialman's liens were inferior to the mortgage of Farmers' Bank. They argue first that the trial court improperly concluded that the mortgage was given "for value" and "without notice" of the materialman's liens pursuant to KRS 376.010. They next contend that KRS 382.520 does not apply because the trial court improperly concluded that a materialman's lien is not "created" until it is filed.

■ We first address the "for value" argument. KRS 376.010 states that a provider of labor or materials for construction shall have a lien on the land on which the improvements are made. KRS 376.010(1). The statute further provides that the lien on the land shall be superior to any mortgage or encumbrances created subsequent to the beginning of the labor or furnishing of the materials and the lien shall relate back to the time of the commencement of the labor or the furnishing of the materials. KRS 376.010(1). However, an exception is listed in subsection (2), which states:

The lien shall not take precedence over a mortgage or other contract lien or bona fide conveyance for value without notice, duly recorded or lodged for record according to law, unless the person claiming the prior lien shall, before the recording of the mortgage or other contract lien or conveyance, file in the office of the county clerk of the county wherein he has furnished or expects to furnish labor or materials, a statement showing that he has furnished or expects to furnish labor or materials, and the amount in full thereof.

There is no question that the Appellants failed to file such a statement before the mortgage was recorded. Therefore, in order to determine whether the trial court erred in finding that the mortgage of Farmers' Bank had priority over the materialman's liens, we must determine whether the mortgage was given "for value" and "without notice" of the materialman's liens.

Appellants rely, as they did in the lower court, on *Cardinal Kitchens, Inc. v. Home Supply Co.*, Ky., 467 S.W.2d 775 (1971). This case involved the determination of priority between a materialman's lien and a mortgage taken by a different supplier of materials. The appellant held a mortgage on two tracts of land in the amount of $7,502.53. The consideration for the note had been materials supplied to the owner-builder of fifteen separate construction projects on the lots in question, as well as on other lots, before the mortgage was taken. The lower court had held that appellant's mortgage was superior to the appellee's materialman's lien, to the extent of the materials furnished by the appellant for the project on the lots encumbered by the mortgage but not for materials provided to the remaining projects. The former Court of Appeals held that:

On the dates appellant's mortgages were obtained and recorded the value of materials furnished for the Lot No. 1 pro-

ject was as much a preexisting debt as were any of the other obligations owed for the other fourteen projects. If any of these transactions were preexisting debts, all were preexisting debts. It follows, therefore, that the entire mortgage was not "for value" and that it may not be a basis for priority over the appellee's materialman's lien.

*Id.* at 777. In other words, the court based its decision on the fact that the mortgage was supported by preexisting debt rather than present consideration and that this was true as to the entire mortgage and not only to that amount which covered materials provided to the project in question.

The trial court in the case *sub judice* held that the Master Commissioner and the Appellants improperly relied on *Cardinal Kitchens, supra.* The court distinguished that case by the fact that only part of the mortgage was for materials provided to the project at issue whereas in the present case, the "bridge" loans were made entirely for the benefit of the chicken house construction project. We see the distinction made by the trial court but conclude that it is immaterial in the application of the law. A preexisting obligation is preexisting regardless of the purpose for which it was incurred. The fact that the preexisting debt was incurred on the construction project at issue does not magically transform it into present consideration; it remains a preexisting obligation and is therefore not considered "for value" under KRS 376.010(2). Because we find that the trial court erred in determining that the entire mortgage was given "for value", it is unnecessary to address whether the mortgage was given "without notice".

The Court now turns to the application of KRS 382.520. This statute provides that a construction mortgage, as is present in this case, "shall be superior to any liens or encumbrances of any kind created after recordation of such mortgage, even to the extent of sums advanced by a lender with actual or constructive notice of a subsequently created lien." KRS 382.520(2). As previously stated, the trial court held that materialman's liens are not "created" until they are filed. Therefore, because the liens were filed in September and the mortgage was recorded in July, the trial court determined that the mortgage is superior.

■ The issue of when a materialman's lien is "created" pursuant to KRS 382.520 is one of first impression. Appellants urge us to hold that a materialman's lien is created upon the delivery of labor or materials and is perfected upon the filing of a lien statement. We must agree for several reasons.

Firstly, the plain language of KRS 376.010 supports our decision. This statute provides that a person who performs labor or furnishes materials "shall have" a lien on the land and improvements. The language does not state that the person has a right to obtain or create such a lien, but that the person shall have a lien. Moreover, subsection (2) indicates that the lien "shall not take precedence over" a mortgage, other contract lien or conveyance for value without notice when a statement regarding the lien is filed with the county clerk's office prior to the subsequent mortgage, lien or conveyance. KRS 376.010(2). In other words, the lien exists but in order to perfect the lien and provide notice, a statement must be filed.

Secondly, the language in KRS 376.080 evidences that a lien is created before it is filed. This statute dictates that a lien provided for in KRS 376.010 shall be dissolved unless the claimant files a lien statement within six months after the claimant ceases to perform labor or furnish materials. As Rogers correctly argues, a lien cannot be dissolved before it is created. Therefore, according to KRS 376.080, a lien is created before a statement is filed. Filing the statement serves to perfect a lien that has already been created when the labor or materials were first provided.

In this case, had the legislature used the term "recorded" rather than "created" in KRS 382.520, the mortgage would be superior to Appellants liens. However, we find that the terms "recorded" and "created" are not interchangeable as Appellees suggest. Accordingly, we hold that for the purposes of KRS 382.520 a materialman's lien is "created" once labor is performed or materials are furnished pursuant to a contract or written consent as required in KRS 376.010. Because both Appellants had begun furnishing materials before the Farmers' Bank recorded the mortgage, the mortgage is not superior to the materialman's liens as they were created before the mortgage was recorded.

The McLean Circuit Court judgment is vacated and this case is remanded for a new judgment to be entered consistent with this opinion.

ALL CONCUR.