IN THE COURT OF APPEALS OF
TENNESSEE AT NASHVILLE November 28,
2012 Session

**ESTATE OF JOE BOYD MARTIN**

**Appeal from the Circuit Court for Wilson
County No. 08CV1276John D. Wootten, Jr.,
Judge**

**No. M2011-00901-COA-R3-CV - Filed May 28, 2013**

This case involves a claim first asserted against a decedent's estate by the decedent's longtime companion, and then pursued after her death byher heirs The claim was transferred from the probate court to the chancery court and then, by agreed order, to the circuit court for a jury trial. The jury upheld the validity of the claim, and the court entered a judgment on the verdict. The decedent's heirs then filed post-trial motions contendingthat the circuit court lacked jurisdiction over the claim. Afterextensive briefing, the circuit court agreed with thosearguments and vacated its own judgment. We reverse the trial court and reinstate its original judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed**

PATRICIA J. COTTRELL, P.J., M.S., delivered the opinion of the Court, in which ANDY D. BENNETT and RICHARD H. DINKINS, JJ., joined.

MichaelRayJennings,Lebanon,Tennessee,forthe appellants,RobertLutherPettit,Leonard Haven Pettit, David Blaine Pettit, Estate of Joe Boyd Martin.

Michael W. Ferrell, Mt. Juliet, Tennessee, for the appellees, Steven B. Martin, Joseph M. Martin.

**OPINION**

**I. A PROBATE CLAIM**

Joe Boyd Martin and Wilma Pettit were long-time companions who lived together for fifteen years but never married. They also jointly operated a fruit stand on Highway 70 in Mt. Juliet for several years. On September 11, 1991, Mr. Martin entered into a lease/purchase agreement on a house and lot in Lebanon. The pricewas $35,000, with annual interest of 10%, to be amortized over

a period of fifteen years. The seller/lessor was Mrs. Vera Ethridge.

On March 15, 1992, Mr. Martin and Ms. Pettit went to see Vera Ethridge. Mr. Martin told Ms. Ethridge that he wanted Ms. Pettit to have his interest in the leasepurchase agreement. He asked Vera Ethridge's daughter-in-law, Sandra Ethridge, to write out his intentions for him because his handwriting was poor. The resulting hand-written note is addressed to Mrs. Vera Ethridge and reads,"In the event of my death it is mysincere wish that Wilma Jean Pettit be given myequityand allowed to take over payments on the property I purchased from you at 904 West Spring St., Lebanon, Tennessee." Mr. Martin signed the note, and his signature was notarized by Sandra Ethridge.

Mr. Martin died intestate on October9, 2004, at the age of sixty-eight. Mr. Martin's two sons and heirs at law, Steven B. Martin and Joseph M. Martin ("the Martins") were named as co-administrators of their father's estate. Ms. Pettit filed a claim against Mr. Martin's estate in the Probate Court of Wilson Countyon February24, 2005. Amongother things, she contended that Mr. Martin's letter to Mrs. Ethridge constituted an assignment of his interest in the Spring Street property to her, and she asked the court to award her the agreement and all the equityin the property.[1] She also asked that her claim be heard by a jury.

The Martins filed an exception to Ms. Pettit's claim in the Probate Court, stating that "the claim is not valid, and has no basis in law or in fact, and the claim should be denied in full." Their objection did not set out anyspecificreason whythe Martins believed that Ms. Pettit's claim[s] was not valid, but in an amendment to their exception, they asserted several defenses, including lack of consideration, failure to make a complete gift, failure to satisfy the requirements of the Statute of Wills, and undue influence.[2]

Ms.Pettit died on November 28,2006,and a "Suggestion of Death" was subsequently filed in the probate court. Ms. Pettit left a Last Will and Testament which was properly probated.  It left all of her property to her three sons ("the Pettits") in equal shares, with her son Leonard Haven Pettit designated as her executor. Thereafter, the Pettits pursued her claim against the

---

[1]

Ms. Pettit's Claim Notice actually incorporated seven separate claims against Mr. Martin's estate. Aside from the house on Spring Street, the subjects of those claims included the fruit stand, a 1973 van, a long list of items of personal property, and a claim for personal services. The jury reached verdicts on three of those claims, and the other four were dismissed. The only claimon appeal is the oneinvolving the Spring Street property.

[2]

Tenn. Code Ann. § 30-2-314(a) states, *inter alia*, that each exception to a claim "shall include a reasonably detailed explanation of the ground or grounds upon which the person making such exception intends to rely."

estate of Mr. Martin. The record indicates that her interest in the West Spring Street property in Lebanon constituted the bulk of her reported estate.

The Probate Court transferred the case to the Chancery Court, deeming that to be

appropriate because Ms. Pettit had requested a jury trial, and the matter was set for trial. Prior to trial, however, the Martins filed a motion to transfer the case from Chancery to CircuitCourt,contending that "the ChanceryCourt lacks subjectmatter jurisdiction over this proceeding," and that under Tenn. Code Ann. § 30-2-314, the only proper place for jury trial was the Circuit Court. The case was subsequently transferred by Agreed Order to the Circuit Court. When a claim or exception contains a demand for a trial by jury, "the probate court clerk shall certify the claim and the exception to the circuit court for trial by jury upon the issues made by the claim and exception." Tenn. Code Ann. § 30-2-314(b)(1).

The Martins continued to make payments on the West Spring Street property after their father's death until they paid the indebtedness on the property in full. On January 17, 2008, Vera Ethridge executed a warranty deed to the Martins as "Co-Administrators of the Estate of Joe Boyd Martin, their heirs and assigns forever." The Martins subsequently asked Ms. Etheridge to execute a deed of correction to the same property, modifying the conveyance so as to vest record title in the Martins as the "Heirs of Joe Boyd Martin" rather than as his co-administrators. She did as requested.

The jury trial was conducted in the Circuit Court of Wilson County on October 7, 2009. Testifying witnesses were Steven Martin, Sandra Ethridge and Leonard Haven Pettit. The jury verdict form included the question, "[d]o you find that Mr. Martin validly assigned the lease purchase agreement for the West Spring Street, Lebanon property to Ms. Pettit?" The jury's unanimous answer was yes. The trial court filed an order in accordance with the jury verdict and declared that the West Spring Street property "is hereby vested in the three claimants [the Pettits] in equal shares." The court directed the Register to Deeds to record its order as a transfer of title to the property.

The Martins filed a number of post-trial motions, including a Motion for New Trial, a Motion to Alter or Amend Judgment, and a Motion to Dismiss for Lack of Subject Matter Jurisdiction. In all those motions, they contended for the first time (contradicting the assertions they made in their own prior motion to transfer the case) that the Circuit Court lacked subject matter jurisdiction under the Claims Act to award the real property to the Pettits. After extensive briefing by both sides, the Circuit Court agreed with the Martins' arguments, and vacated its entire judgment. This appeal followed.

The onlyissue on appeal is whether the trial court correctly concluded that it was obligated to vacate its own judgment because it lacked subject matter jurisdiction over the claim and exception. Becausethat issue involves a question of law, our review of the dismissal is *de novo*, with no presumption of correctness attached to the trial court's conclusions of law or to its judgment.[3]Carvell v. Bottoms, 900 S.W.2d 23, 26 (Tenn. 1995); *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993).

All creditors of a decedent's estate areentitled to file claims within the statutoryperiod after the issuance of letters testamentaryor of administration. Tenn. Code Ann. § 302-306. "It was settled at an early day, and the decision has been followed, that all persons are considered 'creditors' who have demands originating from contracts or agreements." *Collins v. Ruffner*, 206 S.W.2d 298, 300 (Tenn. 1947). Ms. Pettit met the definition of a creditor of Mr. Martin's estate by virtue of Mr. Martin's note of March 15, 1992. Of course, the Martins were entitled to respond by filing an exception, and to raise as manyvalid defenses to the Ms. Pettit's claim as theywished. Theydid not assert the defense that the real property, or the purchase agreement for the real property, was not actuallya part of their late father's estate. As discussed earlier, a partyseekinga jurytrial is entitled to have the claim and exception tried in circuit court.

The basic premise of the Martins' argument that the court lacked jurisdiction is that the Spring Street property never became part of the estate of Joe Boyd Martin and, therefore, the property was never subject to the probate court's jurisdiction and, therefore, the Circuit Court did not have subject matter jurisdiction to try title to that property under the probate jurisdiction that it had assumed when the matter was transferred to it for jurytrial.[4]Theynote that under both common law and statute, "Thereal propertyof an intestate decedent shall vest immediatelyupon death of the decedent in the heirs . . .." Tenn. Code Ann. § 31-2103; *In re Estate of Vincent*, 98 S.W.3d 146, 149 (Tenn. 2003); *McCluskey v. Weaver*, 667 S.W.2d 747, 750 (Tenn. Ct. App. 1982); *Clay v. Hall,* 597

---

3

The Martins do not deny that the Circuit Court had jurisdiction over the Pettits' claims for personal property, and they even urge this court to rule that the portion of the courts' judgment of February 24, 2009, dealing with the personal property of the estate was correct and should be affirmed.

4

During oral argument, the Martins referred to the Circuit Court as exercising merely appellate jurisdiction over the property, as opposed to the original jurisdiction that has been conferred on the probate court under Tenn. Code Ann. § 16-16-107(a)(1). But the case was transferred to the Circuit Court for the purposes of jury trial under Tenn. Code Ann. § 30-2-314(b)(1),which declares that if a demand for jury trial is made, "the probate court clerk shall certify the claimand the exception to the circuit court for trial by jury upon the issues made by the claim and exception." No ruling on the claim and exception had been made by the probate court, so there was nothing to consider in an "appeal."

S.W.2d 737, 738 (Tenn. Ct. App. 1980). They accordingly contend that as their father's heirs at law, the real property became theirs as heirs even before they initiated probate of their father's estate.

The Martins acknowledge that Joe Boyd Martin did not own the disputed property in fee simple at the time of his death, because he had not yet made the final payments on the lease purchase agreement. They contend, nonetheless, that the trial court was not thereby precluded from finding that the property vested immediately in them. They rely on the doctrine of equitable conversion, under which a contract for real estate in the hands of the purchaser is treated as real property, while in the hands of the seller it is treated as personalty. *See Campbell v. Miller,* 562 S.W.2d 827, 831-32 (Tenn. Ct. App. 1977).

However, even under the Martins' assertions, the heirs would have inherited only the lease/purchase agreement, not the real property itself. Mr. Martin's interest in that agreement is the only thing that could have passed directly to the heirs outside the probate estate. The fact that the Martins later convinced the fee owner, Ms. Etheridge, to deed the property to them as co-administrators and then as heirs does not change the nature of what the heirs could have inherited by law at the date of their father's death.

Additionally, the Martins' theory ignores an important principle of law. It is axiomatic that a party cannot convey an interest in property greater than the interest he holds. *See Guffey v. Creutzinger,* 984 S.W.2d 219, 223 (Tenn. Ct. App. 1998) (citing *Prichard Bros. v. Causey*, 12 S.W.2d 711, 712 (Tenn. 1929)); *Burch v. McKoon, Billings & Gold, P.C.*, M2004-00083-COA-R3-CV, 2005 WL 2104611 at *2 (Tenn. Ct. App. Aug. 31, 2005) (no Tenn. R. App. P. 11 application filed). Here, that would be the decedent's interest in the purchase agreement. At the time of Mr. Martin's death, Ms. Etheridge was the fee owner and the seller in an uncompleted lease/purchase agreement. Additionally, if Ms. Pettit had an interest in the agreement or the real property, legal or equitable, then the Martins could only take the agreement subject to her interest.

Mr. Martin's letter of March 15, 1992, purported to give Ms. Pettit his equity in the real property and his right to perform the rest of the agreement. In other words, the letter attempted to assign Mr. Martin's interest in the executory purchase agreement to Ms. Pettit. If that letter constituted an enforceable assignment, then Ms. Pettit held an equitable or legal interest in the agreement and the property. Of course, the validity of the assignment, and consequently the existence and nature of the interest Ms. Pettit may have obtained, was the essence of the dispute that the jury was called upon to decide.

Therefore, the Martins' jurisdictional argument presumes a specific answer to the issue that constituted the merits of the dispute over the claim and exception. In other words, the validity of the attempted assignment to Ms. Pettit had to be determined before the court could determine the extent and nature of interest that would have passed to Mr. Martin's heirs at law outside the estate. Only if Mr. Martin's interest in the real property or the purchase agreement was not subject to other interests, including Ms. Pettit's, could the agreement in its entirety have

-5-

gone to Mr. Martin's heirs.

The Martins' argument that the real property was never part of the probate estate because it

passed to the heirs at law upon the death of Mr. Martin is dependent upon whether the assignment was enforceable and, thus, whether Ms. Pettit had an interest in the agreement that limited the nature of any real property interest that could have gone by law to the heirs. We cannot agree that the lack of subject matter jurisdiction can be based on a conclusion on the merits of the dispute. That would certainly amount to putting the proverbial cart before the proverbial horse.

Accordingly, we conclude that the Martins' subject matter jurisdiction argument is without merit. After hearing the evidence, the jury found that Mr. Martin had validly assigned his lease purchase agreement to Ms. Pettit. The Martins have raised no argument on appeal to contradict that finding, but have only asserted the jurisdictional argument. We therefore reverse the trial court order vacating its original judgment and order reinstatement of the original judgment approving the jury verdict.

### III.

The trial court's judgment of March 4, 2011 is reversed, and its order of February 24, 2010 is reinstated. This case is remanded to the Circuit Court of Wilson County for any further proceedings necessary. Tax the costs on appeal to the appellees, Steven B. Martin and Joseph M. Martin, co-administrators of the estate of Joe Boyd Martin.

_____
PATRICIA J. COTTRELL, JUDGE

-6