**JOHNSON LUMBER COMPANY et al.,
Appellants,**

**v.**

**Noble E. STOVALL et al., Appellees.**

Court of Appeals of Kentucky.

Oct. 22, 1965.

Frank R. Goad, Scottsville, for appellants.

Douglas Keen, Scottsville, for appellees Noble Stovall, and others.

James S. Secrest, Scottsville, for appellee First Federal Savings & Loan Ass'n of Bowling Green, Ky.

WILLIAMS, Judge.

This case involves the priority between a mechanic's lien filed by appellant Johnson Lumber Company and a mortgage filed by appellee First Federal Savings & Loan Association. The Allen Circuit Court found that First Federal had a first and superior lien on the property in question. This appeal is taken from that judgment.

The property involved is a house and lot in White Plains Subdivision, in Scottsville. The Johnson Lumber Company began furnishing materials for the house on October 2, 1961. Thereafter, on October 10, 1961, and again on March 5, 1962, the builder of the house mortgaged the property to First Federal. On June 19, 1962, Johnson Lumber Company gave notice and filed a mechanic's lien covering the cost of materials supplied by the Company.

KRS 376.010 provides that a mechanic's lien shall be superior to a mortgage created subsequent to the time the materials were furnished if a statement is filed in the office of the county court clerk of the county where the materials are furnished showing that there has been furnished, or will be furnished, labor or materials, and the amount in full thereof. Here the mechanic's lien and the notice were filed long after the mortgage to First Federal was executed and filed. It follows that the mechanic's lien does not take precedence over the mortgage under the provisions of the above-noted statute.

The issue boils down to the question then, whether First Federal was charged with such notice of an intent to file a mechanic's lien as to cause the mechanic's lien to take precedence over First Federal's mortgage. Appellant Johnson Lumber Company supports its contention that First Federal had notice on the ground that Johnson Lumber Company's manager stated to First Federal's attorney that materials were being furnished for building the house and that the builder was indebted to Johnson Lumber Company for those materials. However, no date was shown as to when this conversation took place, and the burden is on Johnson Lumber Company to prove that the conversation did take place before First Federal recorded its mortgage.

There is an assumption on the part of appellants that the attorney heretofore mentioned as First Federal's attorney was in fact their attorney and agent. That attorney did certify the title to First Federal, but at the time he was acting on behalf of the builder. In such capacity, even if he had knowledge that materials were being furnished and not paid for, that knowledge could hardly be imputed to First Federal.

The mere fact that the mortgagee knows that work is being done on the property is not sufficient to charge him with actual notice of the existence of the lien. Foushee v. Grigsby, 75 Ky. (12 Bush) 75. In Ideal Supplies Co. v. Underhill, 213 Ky. 741, 281 S.W. 988, it was held that the holder of a mortgage taken while materials were being furnished to construct a house, and with knowledge that the money was being borrowed to apply on the construction and before a materialman's lien had been asserted, did not have such notice of the potential lien as to subordinate the mortgage below the lien. In this case there was no showing that the builder was not paying the claims as they became due, or that he was unable to do so. Further, there is nothing in the record showing that the alleged conversation between the Company manager and the attorney occurred at a time prior to the recordation of the mortgage. In addition to all of this, it is not adequately shown that the attorney was the agent for First Federal and had knowledge that materials were being furnished but not paid for, thereby imputing such knowledge to First Federal.

The judgment is affirmed.