Kenneth **GRIDER** and Ralph Roy d/b/a Grider & Roy Building Supply, Appellants,

v.

**MUTUAL FEDERAL SAVINGS AND LOAN ASSOCIATION, Appellee.**

Court of Appeals of Kentucky.

April 28, 1978.

Terill A. Wilson, Russell Springs, for appellants.

F. G. Neikirk, Somerset, for appellee.

Before HOWARD, PARK and WILHOIT, JJ.

WILHOIT, Judge.

This appeal is from a judgment of the Russell Circuit Court adjudging a mortgage to the appellee, Mutual Federal Savings and Loan Association, to be superior to the materialmen's lien of the appellants, Ralph Roy and Kenneth Grider.

The dispositive question presented to us on this appeal is whether the appellee association had actual notice of the equities of the materialmen prior to the time it disbursed all of the proceeds of a construction loan to a builder, so as to render the lien of the materialmen on certain premises superior to the mortgage of the association to the extent of advancements made after the association was given such notice.

On June 12, 1974, Chester A. Hicks, a builder, and his wife signed a note for $17,-500.00 and a mortgage on 2 then-vacant lots to secure a construction loan made by the association for improvements to be built on the lots. The mortgage was recorded on June 14, 1974, and the proceeds of the loan were disbursed to the builder in installments on July 5, July 31, and August 30, 1974, after the mortgage was recorded. The appellants furnished materials for the improvements erected on the property. They were never fully paid for their materials. No statement of lien was filed by them until September 23, 1974.

On July 21, 1974, appellant Roy telephoned an officer of the association to discuss the debt owed to appellants by the builder. At the time this conversation took place the officer was made aware that appellants were furnishing materials for the construction on the lots. Although it is disputed as to whether Mr. Roy told the officer more about the builder's unreliable financial condition, the trial court found only that he told the officer that the builder owed the appellants "eighty hundred dollars" and that Roy requested the officer's help in collecting the money. The court specifically found that Mr. Roy did not tell

the officer that the builder "was not paying his bills on time or was not able to do so or that Roy intended to file a lien." Our examination of the record does not lead us to conclude that these findings were clearly erroneous and, therefore, they may not be set aside. CR 52.01. Since it is obvious that the conversation was brought about by the builder's failure to pay appellants, we interpret the finding concerning failure to pay bills on time to mean that Mr. Roy did not mention that the builder was failing to pay other bills as they came due. The court also found that the association had "had previous lending experience" with the builder and that he "had always paid his bills."

At the outset it should be noted that the trial court did not consider, nor is the question now raised, whether the mortgage loan here was obligatory or discretionary. *See Percy Galbreath & Son, Inc. v. Watkins,* Ky.App., 560 S.W.2d 239 (1977). Because we believe our conclusion makes a consideration of that question and other questions raised on this appeal unnecessary, we will only discuss the appellants' contention that Mr. Roy's conversation contained sufficient information to put the association on notice, under KRS 376.010(2), of appellants' equities, and thereby render their materialmen's lien superior to the association's mortgage to the extent of the last 2 advancements made to the builder.

■ Prior to the recordation of the association's mortgage, appellants did not file a statement of intent to claim a lien as provided for in KRS 376.010, so we are not dealing with a question of constructive notice but one of actual notice to the association. Appellants insist that under *Kentucky Lumber & Mill Work Co. v. Kentucky Title Savings Bank & Trust Co.,* 184 Ky. 244, 211 S.W. 765 (1919), it is only necessary that the association have knowledge that appellants did work for which they had not been paid and for which they were entitled to assert a statutory lien. They assert correctly that as a result of the telephone conversation the association had at least this knowledge. However, later cases determining how much information must be given to a mortgage holder to constitute actual notice of a claimed lien, interpret *Kentucky Lumber & Mill Work Co., supra,* to require more. Analysis of these cases leads to the conclusion that in order to have actual notice the mortgagee must know that there are unpaid claims for which a lien may be asserted and that the debtor is unable to pay such claims or that the claimant intends to "file a lien." *Johnson Lumber Co. v. Stovall,* Ky., 394 S.W.2d 930 (1965); *Collier v. Dillon,* 313 Ky. 244, 230 S.W.2d 617 (1950); *Ideal Supplies Co. v. Underhill,* 213 Ky. 741, 281 S.W. 988 (1926).

■ It is clear that the association was never told that appellants intended to "file a lien" although there is evidence that such a course was suggested by the officer with whom Roy had the telephone conversation. It is equally clear that the association knew that appellants had an unpaid claim for which a lien could be asserted and the amount of such claim. But did the association know that the builder was unable to pay the claims?

The association had done business with the builder before and knew that he always paid his bills. The call from Mr. Roy was made at a time when scarcely a month could have elapsed from the time the materials were furnished by appellants. No information was given as to when payment by the builder was due or even if it was then due or past due. Only a request was made to assist in collecting the debt. This could have meant immediate assistance because the debt was then past due, or assistance at a later time when it became due. As a matter of fact, the appellants continued to furnish materials to the builder after the telephone conversation took place. This surely indicates that not even they believed he was unable to pay.

In a case such as this the burden is as much on the one asserting a materialmen's lien as on the mortgagee to protect the rights of the materialmen. *Ideal Supplies Co. v. Underhill, supra.* The mortgagee must have or be given sufficient information to constitute actual notice within the

meaning of our statute and case law. Here, the appellants did not communicate all of the requisite information nor has it been shown that the association had such knowledge.

The judgment of the trial court is affirmed.

All concur.